IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| CALVIN JAMES ACKER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:24-1945-AAQ |
| | * | |
| CRAIG TESTING LABORATORIES OF MARYLAND, INC., *et al.*, | * | |
| Defendants. | * | |
| | * | |

******

## MEMORANDUM OPINION AND ORDER

This is a dispute over unpaid wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and Maryland state law.   Pending before the Court is a Joint Motion for Approval of Settlement of the dispute between the parties pursuant to 29 U.S.C. § 216.   ECF No. 20.   For the reasons discussed below, the Joint Motion shall be GRANTED, and upon the parties' request, the case shall be stayed for thirty days.

### BACKGROUND

According to the Complaint and the parties' Joint Motion, Defendant Craig Testing Laboratories of Maryland, Inc. (Craig Testing) hired Plaintiff Calvin James Acker to perform soil and construction materials testing.[1]   ECF No. 1, at 2.   Plaintiff alleges that Defendants paid him a flat rate for each inspection he completed, regardless of how many hours he worked.   *Id.* at 3.

---

[1] The Complaint also seeks relief from Craig Testing Laboratories' owner, Christopher M. Cannan.

1

As a result, Defendants failed to pay Plaintiff an overtime premium for the overtime hours he worked. Further, Plaintiff alleges that Defendants failed to pay him the promised flat rate for some of the inspections he completed. *Id.* Defendants, in turn, deny Plaintiff's version of events. They counter that they paid Plaintiff all wages for all inspections that Plaintiff completed and that Plaintiff did not work more than forty hours per week during the three years preceding the filing of the Complaint. ECF No. 20, at 2.

Plaintiff initiated this suit on July 5, 2024. ECF No. 1. His Complaint alleged that Defendants violated the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–216(b); the Maryland Wage and Hour Law (MWHL), Md. Code Ann., Lab. & Empl. §§ 3-413, 3-420; and the Maryland Wage Payment Collection Law (MWPCL), Md. Code Ann., Lab. & Empl. §§ 3-501–3-507.2, by: (1) failing to pay Plaintiff an overtime premium for each hour he worked beyond forty hours per week, and (2) failing to pay Plaintiff anything at all for some hours worked. ECF No. 1, at 8–10. As relief, Plaintiff sought his unpaid and withheld wages, an additional amount equal to twice his unpaid wages as liquidated damages, and his attorneys' fees and costs. *Id.* at 11.

The parties were scheduled for a settlement conference with the Court, but before the conference, the parties reached the Settlement Agreement now before the Court. ECF No. 18; ECF No. 20-1. Defendants have agreed to pay Plaintiff a total of $23,000, consisting of $3,625 in unpaid wages, $3,625 in liquidated damages, and $15,750 in attorneys' fees and costs. ECF No. 20-1, at 1.

## STANDARD OF REVIEW

When evaluating settlement agreements for approval under the FLSA, courts must ensure that a settlement "reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. 12-

cv-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In making such a determination, district courts in the Fourth Circuit typically "employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*," which holds that "an FLSA settlement generally should be approved if it reflects a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'" *Id.* at *2–3 (quoting *Lynn's Food Stores*, 679 F.2d at 1355). As part of this assessment, courts must evaluate: (1) whether there are FLSA issues actually in dispute; (2) whether the settlement is fair and reasonable in light of the relevant factors; and (3) whether the attorneys' fees, if included in the agreement, are reasonable. *Id.* at *3 (citing *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

## DISCUSSION

The parties have asked the Court to approve their proposed Settlement Agreement. The Court finds that approval is proper as the Settlement Agreement reflects a fair and reasonable resolution of a *bona fide* dispute between the parties.

### A. Existence of a *Bona Fide* Dispute

To determine "whether a *bona fide* dispute exists as to a defendant's liability under the FLSA," the Court should "examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citing *Lomascolo*, 2009 WL 3094955, at *16–17). "Disagreements over rates of pay and hours worked can constitute *bona fide* disputes over a defendant's liability." *Fernandez v. Washington Hosp. Servs., LLC*, 8:23-cv-839-AAQ, 2023 WL 4627422, at *2 (D. Md. July 19, 2023); *see Duprey*, 30 F. Supp. 3d at 408 (finding a *bona fide* dispute where the "parties disagree[d]

3

about Duprey's rate of pay and hours worked"); *Galizia v. Ricos Enterprises, Inc.*, No. 21-cv-2592, 2022 WL 374511 (D. Md. Feb. 8, 2022) (finding a *bona fide* dispute where defendants contested the number of hours plaintiffs worked); *Hernandez v. Microfit Auto Parts, Inc.*, No. 19-cv-0984, 2021 WL 1311579, at *4 (D. Md. Apr. 8, 2021) (finding a *bona fide* dispute where defendants denied plaintiff's claims of underpayment).

In their Joint Motion, the parties state that "[t]he proposed settlement resolves a *bona fide* dispute" because Defendants and Plaintiff disagree regarding: (1) the number of hours Plaintiff worked during the relevant period, (2) whether Plaintiff worked overtime during any of the weeks in the three preceding years during which Defendants employed him, and (3) whether Defendants paid Plaintiff all flat-rate wages owed to him. ECF No. 20, at 3–4. This Court has found these issues to be *bona fide* disputes. Accordingly, a *bona fide* dispute exists between the parties under the FLSA.

### B. Fairness and Reasonableness of the Settlement Agreement

In assessing whether a settlement is fair and reasonable, the Court should evaluate the following six factors:

> (1) [T]he extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of . . . counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (second omission in original) (quoting *Lomascolo*, 2009 WL 3094955, at *10).

The first factor asks courts to consider the extent to which discovery has taken place. When looking at this factor, courts assess whether the parties have "had adequate time to conduct

4

sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955, at *11 (alteration in original) (quoting *A.H. Robins Co. v. Aetna Cas. & Sur. Co. (In re A.H. Robins Co.)*, 88 B.R. 755, 760 (E.D. Va. 1988)). The parties represent that they:

> propounded interrogatories and requests for production of documents upon each other and produced answers to interrogatories, responses to requests for production of documents as well as responsive documents. Plaintiff also issued subpoenas for phone records to Plaintiff's cell phone carriers and received responsive documents.

ECF No. 20, at 4. While the parties did not conduct depositions, by avoiding all of the parts of formal discovery, "resources that otherwise would have been consumed by the litigation [can be] made available for settlement, and the risk and uncertainties for both parties [can be] reduced." *Duprey*, 30 F. Supp. 3d at 409. ECF No. 20, at 4. As such, the first factor weighs in favor of approving the Settlement Agreement.

The second factor looks to the current stage of the proceedings. Settlements can be found to be fair where proceeding further would be difficult and costly and the parties would prefer to end proceedings before significant investment in litigation. *See*, *e.g.*, *Black v. Reviera Enter., Inc.*, No. DLB-19-201, 2020 WL 6544820, at *2 (D. Md. Nov. 6, 2020) (holding that a settlement agreement was fair and reasonable where parties recognized remaining discovery would require significant investment of time, effort, and financial resources); *Saman*, 2013 WL 2949047, at *4 (finding that the parties' representation that they chose to settle "to avoid the costs of formal discovery, dispositive motions, and a possible trial" supported a finding that the settlement agreement was fair and reasonable). Here, the parties note that "[w]ere this case to proceed, the matters at issue would likely require the parties to incur significant expenses[;]" accordingly, it makes sense to resolve the case relatively early. ECF No. 20, at 4. Given the parties' joint

5

preference to terminate proceedings early rather than invest time and money into litigation, this factor weighs in favor of approving the Settlement Agreement.

The third factor assesses whether there has been fraud or collusion in the formation of the settlement. There are no facts before the Court that suggest either, allowing the "presumption that no fraud or collusion occurred between counsel[.]" *Lomascolo*, 2009 WL 3094955, at *12. Accordingly, this factor weighs in favor of approving the Settlement Agreement.

Under the fourth factor, courts look to the experience of counsel. Generally, where counsel is well-versed in the underlying law, courts presume that clients have been appropriately advised on the merits and challenges associated with settlement. *See Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 366 (D. Md. 2016) (finding a fair and reasonable settlement where counsel had litigated numerous lawsuits involving wage and hour violations). Here, Plaintiff is represented by Omar Vincent Melehy and Andrew Balashov of Melehy & Associates. ECF No. 20, at 8. Mr. Melehy and the other Melehy & Associates professionals who worked on this case have significant experience litigating wage-and-hour cases on behalf of plaintiffs before this Court. ECF No. 20-3, at 3–4. Accordingly, the Court is satisfied that Plaintiff's counsel is sufficiently experienced in litigating similar matters, and this factor weighs in favor of approving the Settlement Agreement.

The fifth factor incorporates the opinions of counsel. Counsel's opinion that the expense and potential duration of litigation weighs in favor of early settlement lends credence to a proposed settlement agreement. *See Castro v. Early Learning Language Acads., LLC*, No. CBD-18-2421, 2021 WL 915106, at *4 (D. Md. Mar. 9, 2021). In their Joint Motion, both counsel aver that the settlement is reasonable given the amount "that will be paid to Plaintiff if this Court approves the Settlement Agreement exceeds the straight and/or overtime wages Plaintiff's claims are owed."

ECF No. 20, at 5. While "counsel's opinion and recommendation as to the fairness and reasonableness of a settlement is not to be blindly followed," *Saman*, 2013 WL 2949047, at *5 (quoting *Lomascolo*, 2009 WL 3094955, at *12), their representations in this case weigh in favor of approving the Settlement Agreement. For the same reason, the sixth factor – the probability of Plaintiff's success and the relationship between the amount of the settlement and the potential recovery – weighs in favor of approving the Settlement Agreement.

Upon consideration of the relevant factors, the Court finds the Settlement Agreement to be fair and reasonable.

### C. Reasonableness of Attorneys' Fees

The Settlement Agreement must also contain reasonable provisions for allocating attorneys' fees and costs. *Duprey*, 30 F. Supp. 3d at 411. Here, the parties have decided upon an award of $15,750: $14,880.20 in fees and $869.80 in costs. ECF No. 20, at 5.

"In assessing the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a guide[.]" *Hackett*, 259 F. Supp. 3d at 367 . The lodestar approach "multiplies 'the number of hours reasonably expended . . . by a reasonable hourly rate' to achieve 'an objective basis on which to make an initial estimate of the value of a lawyer's services.'" *Id.* (omission in original) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Under the lodestar approach, an hourly rate "is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This Court maintains guidelines regarding appropriate hourly rates in Appendix B to its Local Rules. D. Md. Local R. App. B(3).

The Settlement Agreement provides for $14,880.20 in attorneys' fees and $765.95 in costs. ECF No. 20, at 5. Plaintiff's counsel calculated their fee request by first determining their lodestar amount of $16,633.50, and then, as part of the settlement compromise, reducing that figure by $2,209.50, or approximately eleven percent. *Id.* at 5–6.

According to the Joint Motion, Plaintiff's counsel spent 40.3 hours working on this case: 30.9 hours from the firm's attorneys and 9.4 hours from paralegals and paraprofessionals. ECF No. 20, at 6. Plaintiff's counsel have documented their time spent on this case and provided the Court with an itemized list of work hours along with a description for each entry explaining how the time was spent. ECF No. 20-2. In their Joint Motion, the parties assert, and the Court agrees, this total number of hours is reasonable given Plaintiff's counsel's work researching and drafting the Complaint, calculating damages, meeting with opposing counsel, conducting and responding to discovery, and negotiating and drafting the Settlement Agreement. ECF No. 20, at 6–7. Regarding hourly rates, Plaintiff's counsel charged as follows: Mr. Omar Vincent Melehy has thirty-seven years of experience and charged an hourly rate of $675; Ms. Suvita Melehy has twenty-eight years of experience and charged an hourly rate of $625; Mr. Andrew Balashov has eight years of experience and charged an hourly rate of $450; and Mr. Alexandre Todorov has eight years of experience and charged an hourly rate of $300. ECF No. 20-3, at 1–5; ECF No. 20, at 6. Plaintiff's counsel also charged an hourly rate of $240 for the work of paralegals and law clerks. ECF No. 20, at 6.

These hourly rates are higher than the presumptively reasonable rates outlined in Appendix B to the Local Rules. However, this Court has found these rates to be reasonable in FLSA settlements when all parties have agreed to them. *See, e.g., Flores v. Diverse Masonry Corp.*, No. 23-cv-03215, 2024 WL 2863575, at *15 (D. Md. June 6, 2024); *Hernandez v. Nelson Precast*

8

*Prods., LLC*, No. 21-cv-02814, 2023 WL 7089919, at *14 (D. Md. Oct. 26, 2023). Plaintiff's counsel also negotiated a slight reduction in their lodestar, thereby lowering the attorneys' fee request from $16,633.50 to $14,880.20 and narrowing the discrepancy between the guidelines and the requested rates. ECF No. 20, at 5. Accordingly, the Settlement Agreement awards reasonable attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement shall be GRANTED. The Court shall stay this matter for a period of thirty days to allow Defendants time to make the settlement payments due under the Agreement.

So ordered.

Date:   January 21, 2025                                          /s/
                                                            Ajmel A. Quereshi
                                                            United States Magistrate Judge